IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

PEACHTREE CROSSING          :
INVESTORS LLC,              :
                            :
    Plaintiff,             :
                            :
v.                          :          No. 5:26-CV-116 (CAR)
                            :
DEWITT WASHINGTON,          :
                            :
    Defendant.             :
_____ :

## ORDER REMANDING CASE

Currently before the Court is *pro se* Defendant Dewitt Washington's Motion to Proceed *IFP* in this dispossessory action originally filed in the Magistrate Court of Peach County.[1] "[A] district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time."[2] Because the Court lacks subject matter jurisdiction, this case is **REMANDED** to the state forum under 28 U.S.C. § 1447(c). Accordingly, Defendant's Motion [Doc. 2] is **DISMISSED as moot**.

On February 4, 2026, Plaintiff Peachtree Crossing Investors, LLC, filed a dispossessory action against Defendant in the Magistrate Court of Peach County,

---

[1] Plaintiff Peachtree Crossing Investors LLC filed a motion to remand, but it appears the motion was not properly served. *See* Doc. 3.

[2] *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

1

Georgia, seeking (1) possession of Plaintiff's real property; (2) $3,435.00 for past due rent; and (3) rent accruing to the date of judgment or vacancy at the rate of $42.67 per day.[3] On March 12, 2026, Defendant was served with a copy of the affidavit and summons.[4]

On March 30, 2025, Defendant filed his *pro se* Notice of Removal, asserting this Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1443, and 1446.[5] In what appears to be asserted as counterclaims against Plaintiff and/or defenses, Defendant claims Plaintiff has deprived him of his rights under the United States Constitution and Georgia Constitution and violated 18 U.S.C. §§ 241, 242 along with other federal and state laws.[6]

Removal to federal court is proper for "[a]ny civil action brought in State court of which the district courts of the United States have original jurisdiction."[7] Federal courts are courts of limited jurisdiction and only have the power to hear cases that they have been authorized to hear by the United States Constitution or the United States Congress.[8] Because federal jurisdiction is limited, the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear.[9]

---

[3] Doc. 1-1 at 3.

[4] *Id.* at 1.

[5] Doc. 1 at 1.

[6] *Id.* at 3-4.

[7] 28 U.S.C. § 1441(a).

[8] *Burns v. Winsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

[9] *Id.*

Defendant attempts to invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331.  In determining whether jurisdiction exists, a court must look to the well-pleaded complaint alone.[10]   Thus, to meet his burden, Defendant must show that Plaintiff's Complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction. Here, Plaintiff relied exclusively on state law when it filed the dispossessory petition in the Magistrate Court of Peach County.  No federal question is presented on the face of Plaintiff's Complaint. "Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia is entirely within the state court system."[11] And removal jurisdiction cannot be based on Defendant's attempts to assert a counterclaim based on federal law or a federal defense.[12]

Defendant also seeks removal under 28 U.S.C. §§ 1443(1), 1443(2).[13] Section 1443—the civil rights removal statute—"provides for the removal of state court actions under narrow circumstances where equal civil rights are denied and not recognized."[14] Defendant cannot rely on § 1443(2) for removal because § 1443(2) confers the right to remove only upon federal officers (or those working for them) and state officers.[15]

---

[10] *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

[11] *Wesley Apt. Homes, Inc. v. Andrews*, No. 1:10-cv-3005-TWT-LTW, 2010 WL 5690356, at *2 (N.D. Ga. Dec. 7, 2010) (citing O.C.G.A. §§ 44-7-50, *et seq.*).

[12] *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense[,] . . . [n]or can federal jurisdiction rest upon an actual or anticipated counterclaim.").

[13] Doc. 1 at 1.

[14] *Alabama v. Thomason*, 687 F. App'x 874, 877 (11th Cir. 2017) (citing 28 U.S.C. § 1443).

[15] *Taylor v. Phillips*, 442 F. App'x 441, 443 (11th Cir. 2011) (per curiam) (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)). Specifically, § 1443(2) "provides removal '[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would

Because Defendant "has not shown that he is a state or federal officer, or working for one," removal is not proper under § 1443(2).[16] Similarly, Defendant has not made sufficient showing to remove this case under § 1443(1). Section 1443(1) "permits a defendant in a civil state court action to remove the action to federal district court if the action is against a person who is denied or cannot enforce in the state courts 'a right under any law providing for equal civil rights of citizens of the United States.'"[17] A defendant seeking removal under § 1443(1) must satisfy a two-prong test.[18] First, the defendant "must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"[19] Second, the defendant "must show that he has been denied or cannot enforce that right in the state courts."[20] Here, Defendant's conclusory allegations do not identify any right under any federal law "providing for specific civil rights stated in terms of racial equality."[21] And

---

be inconsistent with such law.'" *Id.* (quoting 28 U.S.C. § 1443(2)). Regarding acts under color of authority, § 1443(2)'s first clause confers the right to remove only upon "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)); *see also Taylor*, 442 F. App'x at 443 (same). And regarding refusing to do certain acts, § 1443(2)'s second clause is available only to state officers. *Peacock*, 384 U.S. at 824 n.22; *see also Taylor*, 442 F. App'x at 443 (same).

[16] *Taylor*, 442 F. App'x at 443 (finding removal under § 1443 to be improper).

[17] *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001).

[18] *Id.* (citing *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)); *see also Thomason*, 687 F. App'x at 877 (same); *Taylor*, 442 F. App'x at 442 (same).

[19] *Conley*, 245 F.3d at 1295 (quoting *Rachel*, 384 U.S. at 792).

[20] *Id.* (quoting *Rachel*, 384 U.S. at 794).

[21] *Id.*

4

Defendant does not establish how he would be unable to enforce any civil right in the state court. Accordingly, removal is not proper under § 1443(1).[22]

Additionally, removal jurisdiction cannot be based on this Court's diversity jurisdiction because Plaintiff's Complaint does not satisfy the amount in controversy. District courts only have original jurisdiction pursuant to 28 U.S.C. § 1332 where the civil action is between "citizens of different states" and the amount in controversy "exceeds the sum or value of $75,000."[23] Here, Plaintiff's Complaint asserts claims for (1) possession of real property belonging to Plaintiff; (2) $3,435.00 for past due rent; and (3) rent accruing to the date of judgment or vacancy at the rate of $42.67 per day, which does not exceed $75,000.[24] Plaintiff's claim for possession of real property belonging to Plaintiff cannot be reduced to a monetary sum for purposes of determining the amount in controversy.[25]

## CONCLUSION

Because the Court lacks subject matter jurisdiction, this case is **REMANDED** to the Magistrate Court of Peach County under 28 U.S.C. § 1447(c). Accordingly, Defendant's Motion to Proceed *IFP* [Doc. 2] is **DISMISSED as moot**.

---

[22] *See, e.g., SRP Sub LLC v. Johnson*, No. 1:19-CV-03665-AT-AJB, 2019 WL 5491837, at *6 (N.D. Ga. Aug. 29, 2019) (determining the state-law dispossessory action was not removable under Section 1443).

[23] 28 U.S.C. § 1332(a)(1).

[24] Doc. 1-1 at 3.

[25] *US Bank Nat'l Ass'n v. Kelly*, No. 7:15-CV-207, 2015 WL 7459986, at *2 (M.D. Ga. Nov. 24, 2015); *see also Novastar Mortg. Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), *aff'd* 35 F. App'x 858 (11th Cir. 2002) (same).

**SO ORDERED,** this 15th day of July, 2026.

s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT